## 13598

FAILE *ET AL.* v. CLYBURN, SUPERINTENDENT OF EDUCATION, *ET AL.*

(168 S. E., 732)

October, 1932.

*Messrs. James H. Glenn* and *Harry Hines,* for petitioners.

*Messrs. Gaston, Hamilton & Gaston, Williams & Stewart* and *A. M. Sapp,* for respondents.

March 11, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This proceeding was brought in the original jurisdiction of this Court to procure the process of the Court in the nature of mandamus to compel the respondents, who are the Treasurer, the Superintendent of Education, the County Board of Education of Lancaster County, and the Bank of Lancaster, to pay over to petitioners, who were during the scholastic year 1931-1932 teachers in the public schools of

Lancaster County, certain moneys which, the petitioners allege, were transmitted by the State Superintendent of Education and the State Finance Committee to G. O. Mobley, as Treasurer of Lancaster County, to be paid to the unpaid teachers of Lancaster County, and the holder of claims for salary assigned by them to others; that the sum so transmitted was not applied to the purpose for which it was sent, but, for reasons unknown to petitioners, was paid over to the respondent the Bank of Lancaster; that respondents, after demand made, refused to pay the said moneys to petitioners. Upon the verified petition the Honorable, the Chief Justice of the Court, issued an order requiring respondents to show cause before the Supreme Court why the relief sought should not be granted. On the day fixed for the hearing attorneys for petitioners and respondents appeared before the Court and stated that they had agreed upon an order which would end the proceeding. After some alterations in the proposed order, made to meet suggestions of the Court, the order was signed and the proceeding terminated. Thereupon the Court made its order referring the matter to Paul Hemphill, Esq., to take the testimony and report whether petitioners' attorneys were entitled to be paid a fee out of the funds recovered in the proceeding, and, if they were so entitled, to determine and report what would be a reasonable fee for them.

The referee has filed his report, finding that petitioners' attorneys are entitled to be paid a fee out of the funds recovered, and recommending that they be paid a fee of $1,200.00.

We are in accord with the finding and conclusion of the referee that petitioners' attorneys are entitled to be paid a fee out of the funds recovered, and his report thereabout is confirmed.

We think, however, the fee suggested by him is too high. The bulk of the services rendered by the attorneys consisted of consultations with each other and conferences with the

committee of teachers who engaged them, the preparation of the petition, and order to show cause. There was no trial and no argument. The large majority of the teachers took no part in the proceedings, and are opposed to paying any part of the fee. Those who instituted the action have indicated that they thought a fee of 3 per cent of the sum recovered would be reasonable, and we are of the same opinion.

To this extent, and in this particular, the report of the referee is modified. In other respects it is confirmed.

The referee made a lucid statement of the case and a well-considered report of the law of the proceeding. It is ordered that out of the funds retained for the purpose he be paid a fee of $150.00. When this, with the fee fixed for petitioners' attorneys, has been paid, let the balance of the money retained be distributed to the teachers and assignees proportionately as their interests appear. Let the respondents pay the costs of the proceeding.

Let the report of the referee be reported.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.